UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BLAKE WINGATE,
                      Plaintiff,

                                              11-CV-188 (JPO)
            -against-

                                              OPINION AND ORDER

MAYOR BLOOMBERG CITY OF NEW YORK
et al,
                      Defendants.
------------------------------------------------------------ X

J. PAUL OETKEN, District Judge:

## I. Background

On January 5, 2011, the Plaintiff commenced this action with a complaint of religious discrimination at Rikers Island. The action was referred to Magistrate Judge Frank Maas. A summons was issued and mailed to the Plaintiff on February 15, 2011. When the Plaintiff failed to effect service within 120 days, Judge Maas issued an order on July 18, 2011, directing the Pro Se Office to issue a supplemental summons. Additionally, the Plaintiff was directed to have the defendants served by September 21, 2011. The order warned that if service was not made by that date, and the Plaintiff failed to show good case therefor, Judge Maas would recommend dismissal of this action pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. The order, sent to the Plaintiff at Rikers Island by certified mail, was returned on August 1, 2011, with a notation that he was no longer in the system there.

In an effort to locate the Plaintiff, Judge Maas's Chambers queried the online prisoner locator services of the New York City Department of Corrections, New York State Department of Corrections, and the federal Bureau of Prisons. That review confirmed that there was no "Blake Wingate" at a New York City, New York State, or federal penal facility. Because the

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/27/11

Plaintiff had failed to provide the Court with his current address, Judge Maas had no way of contacting him.

Judge Maas signed a Report and Recommendation ("R&R") on September 14, 2011, recommending that this case be dismissed without prejudice. Judge Maas directed that R&R to Judge Paul A. Crotty to whom the case was then assigned. On September 30, 2011, the case was reassigned to the undersigned. In an abundance of caution, Judge Maas sent a copy of the R&R to the Plaintiff's last known address at the AMKC facility at Rikers Island. That copy was returned as undeliverable on October 13, 2011.

## II. Legal Standard

The R&R informed the parties that, pursuant to 28 U.S.C. § 636(b)(1)(c) and Federal Rule of Civil Procedure 72(b), they had fourteen days from service of the R&R to file any objections. No objections have been filed to the Report, and the time to object has expired.

When no objections are filed to an R&R, a district court need only satisfy itself that there is no "clear error on the face of the record" in order to accept the recommendation. Fed. R. Civ. P. 72(b) advisory committee's note; *see also Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

While this R&R recommends dismissal of this action without prejudice, the Second Circuit has held that failure to timely object to a magistrate judge's report and recommendation operates as a waiver of appellate review of the district court's order adopting a magistrate judge's report and recommendation. *See DeLeon v. Strack*, 234 F.3d 84, 86 (2d Cir. 2000) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)).

### III. Analysis

The Court has reviewed the R&R and finds it to be well-reasoned and free of any clear error on the face of the record.

The Court thus adopts the R&R in its entirety. Accordingly, this action is dismissed without prejudice. The Court shall not collect any fees for this case, nor shall any fees for this case be encumbered by any facility that holds Plaintiff in custody.

The Court certifies, pursuant to 28 U.S.C. § 1951(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: New York, New York
       October 2*b*, 2011

_____
J. PAUL OETKEN
United States District Judge